UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANE GRONOWSKI,

    Plaintiff,

v.                                      Case No:   2:14-cv-649-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court on Plaintiff Diane Gronowski's Complaint (Doc. 1) filed on November 5, 2014.  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **reversed and remanded** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.**    **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do her previous work, or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B.     Procedural History

On January 28, 2011, Plaintiff filed an application for disability insurance benefits income asserting an onset date of May 11, 2009.  (Tr. at 83, 128-31).  Plaintiff's application was denied initially on May 5, 2011, and on reconsideration.[1]  (Tr. at 83).  A hearing was held before Administrative Law Judge ("ALJ") Larry J. Butler on April 15, 2013.  (Tr. at 53-82).  The ALJ issued an unfavorable decision on March 4, 2014.  (Tr. at 22-33).  The ALJ found Plaintiff not to be under a disability from the alleged onset date May 11, 2009, through the date last insured of June 30, 2013.  (Tr. at 33).

On September 10, 2014, the Appeals Council denied Plaintiff's request for review.  (Tr. at 1-6).  Plaintiff filed a Complaint (Doc. 1) in the United States District Court on November 5, 2014.  This case is ripe for review.  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (*See* Doc. 16).

### C.  Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2]  An ALJ must determine

---

[1] The date of the denial on reconsideration is unclear from the record.

[2] Unpublished opinions may be cited as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).  The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five.  *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through June 30, 2013. (Tr. at 24).  At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of May 11, 2009 through her date last insured of June 30, 2013.  (Tr. at 24).  At step two, the ALJ found that Plaintiff suffered from the following severe impairments:  degenerative disc disease, diabetes mellitus, and hypertension.  (Tr. at 24).  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).  (Tr. at 29).  At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform the full range of light work, with the following additional information:

> The claimant is able to occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, stand/walk about 6 hours in an 8-hour workday, sit about 6 hours in an 8-hour workday, and has unlimited ability to push and pull including operation of hand and/or foot controls.  Frequently is defined as less than 2/3 of an 8-hour workday and occasionally is defined as less than 1/3 of an 8-hour workday.

(Tr. at 29).  The ALJ determined that Plaintiff was capable of performing her past relevant work as an office manager, DOT # 169.167-034, sedentary exertion, and skilled with an SVP of 7.

(Tr. at 32). The ALJ concluded that Plaintiff was not under a disability from her onset date of May 11, 2009 through her date last insured of June 30, 2013. (Tr. at 32-33).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); and *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### II.     Analysis

On appeal, Plaintiff raises four issues. As stated by Plaintiff, they are:

(1) Whether the ALJ's [sic] made a reversible legal error given that the ALJ failed to discuss and state the weight given the opinion of the State agency

4

    consultative psychological examiner, Nancy Kelly, Psy.D.; given that Dr. Kelly opined that the Plaintiff has marked limitations in her ability to maintain a regular schedule and in her ability to perform complex tasks; and given that the ALJ was required to specify the weight given Dr. Kelly's opinion.

(2) Whether the ALJ properly rejected the opinion of Christine Needham, Ed. D., given that the ALJ may not discount a medical opinion on the sole grounds that the medical examiner was retained by the claimant; given that the ALJ stated that Dr. Needham's opinion was primarily based on subjective reports, even though Dr. Needham indicated that her opinion was based on the clinical interview, mental status exam, and testing; given that as a Doctor of Education or Ed.D., Dr. Needham is presumed to be an acceptable medical source; given that the ALJ conclusively stated that Dr. Needham is not an acceptable medical source; and given that Dr. Needham is an experienced psychologist who used to work with the State agency in Supplemental Security Income cases.

(3) Whether the ALJ's decision is supported by substantial evidence given that he failed to mention and discuss Plaintiff's obesity in his decision; given that the only time the ALJ mentioned Plaintiff's sleep apnea was when he summarized Plaintiff's testimony, but did not otherwise discuss the impact of this impairment on the Plaintiff's residual functional capacity ("RFC"); given that the Plaintiff was diagnosed with severe sleep apnea; given that the Plaintiff was diagnosed with obesity which is classified as "extreme" by the Social Security Ruling 00-4p; and given that there is evidence that these impairments separately or in combination cause Plaintiff additional drowsiness and pain.

(4) Whether the ALJ properly concluded that the Plaintiff can perform past relevant work as [an] office manager given that this job cannot constitute past relevant work unless the Plaintiff performed it long enough to learn to do it; given that the ALJ did not discuss in his decision whether the Plaintiff performed the office manager job long enough to learn to do it; given that the office manager is a skilled position, which according to the Dictionary of Occupational Titles, requires over two years and up to and including four years to learn; given that the evidence in the record shows that the Plaintiff performed the office manager jobs between 2000 and 2006; and given that the Plaintiff only earned $22,982.74 in this time period, not counting her job as a supervisor, which is likely insufficient to show two years' worth of full time work.

(Doc. 23 at 1-2). The Court will address each issue in turn.

### A. Weight of Dr. Kelly's opinion

Plaintiff argues that the ALJ failed to consider and weigh the opinion of state agency consultative psychological examiner, Nancy Kelly, Psy.D. The Commissioner contends that the

5

ALJ did consider Dr. Kelly's evaluation. Further, the Commissioner contends that the ALJ gave great weight to the opinion of Jane Cormier, Ph.D., a non-examining state agency psychologist, and Dr. Cormier mentioned and relied on Dr. Kelly's examination and evaluation to render her decision.

At the fourth step in the evaluation process, the ALJ is required to determine a plaintiff's RFC and, based on that determination, decide whether a plaintiff is able to return to her previous work. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a plaintiff's RFC is within the authority of the ALJ, and along with the claimant's age, education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). "Generally, the opinions of examining or treating physicians are given more weight than non-examining or non-treating physicians unless 'good cause' is shown."

*Poellnitz v. Astrue*, 349 F. App'x 500, 502 (11th Cir. 2009) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5); and *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). A doctor's opinion may be discredited when it is contrary to or unsupported by the evidence of record, or the opinion is inconsistent with the doctor's own medical records. *Id*. (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)).

Even though examining doctors' opinions are not entitled to deference, an ALJ is required to consider every medical opinion. *Bennett v. Astrue*, No. 308-CV-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). To evaluate a medical source, the same criteria are used whether the medical source is a treating or non-treating doctor, with the following elements to be considered: "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of any treatment relationship; (3) supportability; (4) consistency with other medical evidence in the record; and (5) specialization." *Id*. (citations omitted).

The ALJ reviewed Dr. Kelly's psychological evaluation of Plaintiff completed in April 2011. (Tr. at 25). The ALJ noted that Plaintiff drove to the appointment herself, denied a history of psychiatric hospitalization, and was not currently receiving any treatment for mental health disorders. (Tr. at 25). Plaintiff reported abnormal sleep patterns, weight gain, and depressive and anxiety symptoms, but denied suicidal ideation. (Tr. at 25). Dr. Kelly noted that Plaintiff's speech and thought processes were normal; her mood was neutral; her affect was appropriate; she was periodically anxious; her attention and concentration were intact; her recent and remote memory skills were mildly impaired due to anxiety in the evaluation; her cognitive functioning appeared to be average; her insight was fair; and her judgment was good. (Tr. at 25). Dr. Kelly

diagnosed Plaintiff with dysthymic disorder and anxiety disorder. (Tr. at 25). The ALJ noted that Dr. Kelly indicated that the results of the examination appeared to be consistent with psychiatric problems, "but in itself, this does not appear to be significant enough to interfere with the claimant's ability to function on a daily basis." (Tr. at 25-26).

The ALJ failed to indicate the weight he afforded Dr. Kelly's opinion. Even though he summarized portions of Dr. Kelly's evaluation, he did not state with particularity the weight afforded her opinion. The Court cannot assume that by giving great weight to Dr. Cormier's opinion, the ALJ was giving great weight to Dr. Kelly's opinion just by its mention in Dr. Cormier's Psychiatric Review Technique. (Tr. at 277-289).

Even though the ALJ accurately reviewed portions of Dr. Kelly's evaluation, he ignored other portions of the evaluation. Specifically, Dr. Kelly found that Plaintiff was able to follow and understand only simple directions and perform only simple tasks independently. (Tr. at 275). Dr. Kelly found Plaintiff to have "mild difficulties maintaining attention and concentration, marked difficulties maintaining a regular schedule, mild difficulties learning new tasks, and marked difficulties performing complex tasks independently. She is able to make appropriate decisions and relate adequately with others. She has mild difficulties dealing with stress. Her difficulties are caused by psychological symptoms secondary to physical pain." (Tr. at 275). The ALJ failed to address Dr. Kelly's finding that Plaintiff had marked difficulties in maintaining a regular schedule, had marked difficulties in performing complex tasks independently, and was limited to tasks with simple directions and could perform only simple tasks independently. Although the Commissioner argues that the ALJ afforded Dr. Kelly's opinion great weight by giving great weight to Dr. Cormier's opinion that mentions Dr. Kelly's evaluation, the ALJ failed to include any limitations relating to the findings of Dr. Kelly that:

(1) Plaintiff was limited to being able to follow simple directions; (2) Plaintiff was limited to performing simple tasks independently; (3) Plaintiff was unable to perform complex tasks independently; and (4) Plaintiff had marked limitations in maintaining a regular schedule. Additionally, the ALJ found that Plaintiff could return to her past relevant work as an office manager with an SVP of 7, which is considered a skilled job and most likely not limited to simple tasks.[3] Given the ALJ's failure to state the weight given to Dr. Kelly's findings, the Court is unable to conduct a meaningful judicial review of the ALJ's opinion concerning his conclusion that Plaintiff is able to perform her past relevant work. *Robinson v. Astrue*, No. 8:08-CV-1824-T-TGW, 2009 WL 2386058, at *4 (M.D. Fla. Aug. 3, 2009). Therefore, this matter will be reversed and remanded for the ALJ to state with particularity the weight to afford Dr. Kelly's opinion.

### B. Dr. Needham's opinion

Plaintiff argues that the ALJ improperly rejected the opinion of Christine Needham, Ed.D. Dr. Needham was retained by Plaintiff and conducted a single examination of Plaintiff. Plaintiff argues that the ALJ rejected Dr. Needham's opinion on three grounds: (1) the ALJ believed that Dr. Needham was regularly retained by Plaintiff's firm for the purposes of proving opinions; (2) the ALJ believed Dr. Needham draws sweeping judgments and broad conclusions based on Plaintiff's self-reporting; and (3) the ALJ believed that Dr. Needham is not an acceptable medical source. The Commissioner responds that the ALJ properly afforded no weight to the opinion of Dr. Needham.

---

[3] "SVP" is an abbreviation for "Specific Vocational Preparation" found in the *Dictionary of Occupational Titles*. An SVP of 7 corresponds to skilled work. SSR 00-4P (S.S.A. Dec. 4, 2000).

The ALJ acknowledged that Plaintiff saw Dr. Needham on April 29, 2013, for a single examination. (Tr. at 26). The ALJ summarized Dr. Needham's evaluation by noting that Dr. Needham diagnosed Plaintiff with depressive disorder, generalized anxiety disorder, somatization disorder, depressive personality with dependent obsessive compulsive, and schizoid traits. (Tr. at 26). The ALJ reviewed the mental residual functional capacity assessment completed by Dr. Needham indicating that Plaintiff had moderate to constant limitations with regard to understanding and memory, sustained concentration and persistence, social interaction, and adaption. (Tr. at 26). The ALJ also noted that Dr. Needham found Plaintiff to be disabled from substantial gainful work since May 11, 2009. (Tr. at 26).

The ALJ afforded no weight to Dr. Needham's opinions or diagnoses, concluding that Dr. Needham's opinions and diagnoses were primarily based on Plaintiff's subjective complaints elicited during the single examination. (Tr. at 26). The ALJ added that Dr. Needham is regularly retained by Plaintiff's counsel to provide "such opinions based upon a single evaluation." (Tr. at 26). The ALJ opined that Dr. Needham "makes sweeping judgments about the claimant's limitations, abilities and feelings primarily based upon claimant's subjective reports – which Dr. Needham's own personality test suggests are likely to be magnified and unreliable. Dr. Needham attempts to draw broad conclusions from claimant's response to the personality test despite the absence in the record of any significant corroborative evidence." (Tr. at 26). The ALJ then adds that he does not consider Dr. Needham to be an "acceptable medical source" because she is a Licensed School Psychologist. (Tr. at 26-29).

Plaintiff has the burden of proof through step four of the sequential evaluation. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013). The fact that Dr. Needham was a one-time examiner and was retained by Plaintiff alone does not invalidate her

10

opinion. *See Hickel v. Comm'r of Soc. Sec.*, 539 F. App'x 980, 987 (11th Cir. 2013). In this case, the Commissioner retained Dr. Kelly as a consultative examining psychologist, and no argument was raised that the Court should discount her opinion simply because she was retained by the Commissioner. Plaintiff has the burden through step four, and determined that an evaluation by Dr. Needham was necessary to meet this burden. The decision does not discount Dr. Needham's opinion on the "sole" basis that she was retained by Plaintiff.

Plaintiff argues that the ALJ discounted Dr. Needham's opinion claiming that Dr. Needham made sweeping judgments about Plaintiff's limitations, abilities, and feelings primarily based upon her subjective reports. On April 30, 2013, Dr. Needham completed a Psychological Evaluation of Plaintiff. (Tr. at 530-32). Dr. Needham conducted a clinical interview, a Mini Mental Status Examination – 2 Standard Version, and a Millon Clinical Multiaxial Inventory-III. (Tr.at 530). Dr. Needham found that the Millon Multiaxial Clinical Inventory-III test was a valid measure of Plaintiff's current psychological status. (Tr. at 531). In making her diagnosis, Dr. Needham considered Plaintiff's clinical interview, her mental status examination, and testing. (Tr. at 532). Dr. Needham diagnosed Plaintiff with depressive disorder, generalized anxiety disorder, somatization disorder, depressive personality disorder with dependent, obsessive compulsive, and schizoid traits. (Tr. at 532).

On April 29, 2013, Dr. Needham completed a Mental Residual Functional Capacity Assessment. (Doc. 527-28). Dr. Needham found Plaintiff to have marked limitation in the ability to remember locations and work-like procedures; ability to understand and remember detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; the ability to work in coordination with or proximity to others

11

without begin directed by them; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and the ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes. (Tr. at 527-28). Dr. Needham concluded that Plaintiff has been disabled from substantial gainful work since May 11, 2009. (Tr. at 528).

Dr. Needham based her evaluation on a clinical interview, clinical intake form, Mini Mental Status Examination-2 Standard Version, and a Millon Clinical Multiaxial Inventory-III. (Tr.at 530). Although Dr. Needham considered Plaintiff's subjective reports, Dr. Needham went beyond those considerations and conducted testing and an evaluation of Plaintiff. The Court cannot agree with the ALJ that Dr. Needham made "sweeping judgments about the claimant's limitations, abilities and feelings primarily based upon claimant's subjective reports." (Tr. at 26). Further, the Court finds no reference in Dr. Needham's evaluation or Mental Residual Functional Capacity Assessment that suggested that the personality test was likely to be "magnified and unreliable." (Tr. at 26). Rather, Dr. Needham determined that the testing was a "valid and reliable measure of [Plaintiff's] current psychological status." (Tr. at 531). The Court finds these comments by the ALJ were not substantially supported by the record evidence. Further, some of Dr. Needham's conclusions were mirrored in the evaluation completed by Dr. Kelly.

Lastly, Plaintiff argues that the ALJ erred in giving no weight to Dr. Needham's assessment because she is not an "acceptable medical source." The Commissioner responds in a footnote stating, "regardless of whether Dr. Needham was an acceptable medical source, substantial evidence supports the ALJ's other reasons for discounting her assessment." (Doc. 27

12

at 7 n.5). Plaintiff claims that Dr. Needham is not only a Licensed School Psychologist, but also a Doctor of Education. Plaintiff implies that a Doctor of Education may render Dr. Needham an acceptable medical source, but cites to no case that supports that contention. A licensed or certified psychologist is an acceptable medical source, but school psychologists are acceptable medical sources "for purposes of establishing intellectual disability, learning disabilities, and borderline intellectual functioning only." 20 C.F.R. § 404.1513(a)(2). In this case, Dr. Needham was not called upon to render an opinion relating to Plaintiff's intellectual or learning disabilities. However, sources other than "acceptable medical sources" may be used to "show the severity" of a plaintiff's impairment. 20 C.F.R. § 404.1513(d). The ALJ discusses for over two pages why a licensed school psychologist is not an "acceptable medical source." (Tr. at 26-29). Clearly, determining that Dr. Needham was not an "acceptable medical source" was a significant consideration for the ALJ. Even if Dr. Needham was not an "acceptable medical source," the ALJ should have considered Dr. Needham's opinion to show the severity of Plaintiff's impairment. The Court finds that the ALJ erred in his reasoning for granting Dr. Needham's opinion no weight.

### C. Obesity and sleep apnea

Plaintiff argues that the ALJ erred in failing to consider the effects of Plaintiff's sleep apnea and obesity on her RFC. The Commissioner argues that the ALJ properly considered all of Plaintiff's impairments in combination, including her sleep apnea and obesity. The ALJ briefly mentioned that Plaintiff uses a CPAP machine for sleep apnea, but fails to mention Plaintiff's obesity. (Tr. at 30). An ALJ must consider obesity as an impairment when evaluating a claimant's disability. SSR 02-1P, 2002 WL 34686281, at *3 (Sept. 12, 2000). The parties do not contest that Plaintiff was diagnosed with obesity. The ALJ failed to mention obesity when

13

determining Plaintiff's RFC and does not cite to SSR 02-1p. *See Lewis v. Comm'r of Soc. Sec.*, 487 F. App'x 481, 483 (11th Cir. 2012). This action will be remanded on other issues, and the Court will require the Commissioner to reevaluate Plaintiff's obesity and sleep apnea upon remand.

### D. Past relevant work

Plaintiff's final argument focuses on Plaintiff's past relevant work. The issue of whether Plaintiff can return to her past relevant work cannot be resolved until it is clear to the Court that the ALJ properly considered all of the relevant medical evidence in the record and all of Plaintiff's limitations. Because the Court found that, upon remand, the ALJ must reevaluate certain medical opinions that contain impairment evidence, and that evidence may impact the Court's analysis of other elements of the ALJ's decision, the Court finds that any ruling on Plaintiff's remaining argument concerning whether Plaintiff can perform her past relevant work would be premature at this time.

### E. Other relief requested by Plaintiff

Plaintiff requests that the Court order the Commissioner to grant benefits, or alternatively reverse and remand this action. The Court has determined that this matter must be reversed and remanded for the Commissioner to reconsider certain medical evidence, and the other issues raised by Plaintiff. *See Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (A court may award disability benefits "where the Secretary has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt."). Therefore, the Court will reverse and remand this matter rather than award benefits.

Plaintiff also argues that if this matter is remanded, a different ALJ should be assigned to the remanded case. Plaintiff argues that ALJ Butler has demonstrated signs of bias and prejudice

resulting in an unfair hearing. The Court reviewed the record, including the hearing transcript, and absent a specific cite that shows bias or prejudice by ALJ Butler, on its face, the record fails to reflect evidence of bias or prejudice by ALJ Butler. The Court recognizes that an ALJ "shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." 20 C.F.R. § 404.940. Plaintiff has failed to show specific instances of prejudice or bias by ALJ Butler. Thus, the Court will not require that the Commissioner appoint a different ALJ on remand.

### III.     Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence regarding: (1) the opinions of Dr. Kelly and Dr. Needham; and (2) Plaintiff's impairments of sleep apnea and obesity. Upon remand, the Commissioner shall reevaluate all of the medical opinions and all of Plaintiff's impairments. Further, the Commissioner shall reconsider the issues concerning Plaintiff's past relevant work, and whether a vocational expert is needed.

**IT IS HEREBY ORDERED:**

1)     The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the medical evidence, Plaintiff's impairments, Plaintiff's past relevant work, and whether a vocational expert is needed.

2)     The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

3)     If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

**DONE AND ORDERED** in Fort Myers, Florida on March 3, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties